IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID GONZALEZ, | : | |
| | : | |
| Plaintiff, | : | Civil Case No. 4: 05-CV-1392 |
| | : | |
| v. | : | |
| | : | |
| BERKS COUNTY, PA, POLICE CHIEF FOR THE CITY OF READING, PA, DISTRICT ATTORNEY FOR BERKS COUNTY, AND JOHN DOE DEFENDANTS | : | (Judge McClure) |
| | : | |
| Defendants. | : | |

**O R D E R**

January 19, 2006

Plaintiff David Gonzalez, a state prisoner presently incarcerated at SCI-Huntingdon, is proceeding pro se in this section 1983 action. In his complaint, Gonzalez alleges that the City of Reading Chief of Police, the Berks County District Attorney, and unidentified John Doe detectives caused his arrest and prosecution for murder by knowingly fabricating false evidence. Gonzalez was found not guilty in 2003.

On September 16, 2005, defendant Charles R. Broad, Chief of Police for the City of Reading, filed an answer asserting nineteen affirmative defenses. (Rec. Doc. No. 12.) On September 19, 2005, defendant Mark Baldwin, Esq., District

Attorney of Berks County, filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e).  (Rec. Doc. No. 13.)  Gonzalez did not file a response.

In an order dated October 26, 2005, this court denied the motion to dismiss without prejudice and granted the defendant District Attorney's motion for a more definite statement under Rule 12(e).  (Rec. Doc. No. 14.)  Plaintiff Gonzalez was directed to amend his complaint within thirty days of the October 26 order to allege with specificity the false evidence or statements allegedly known to be false by the defendants and used against him at trial.  Gonzalez was also directed to allege any specific acts of evidence fabrication, and to further clarify his claims against the John Doe detectives to aid in the identification of those defendants.  Finally, this court cautioned that if Gonzalez failed to amend within the thirty day window, his complaint would be dismissed without prejudice for failure to prosecute.

Gonzalez subsequently filed a motion for an extension of time to comply with the October 26, 2005 order.  We granted the motion, and directed Gonzalez to amend his complaint on or before January 11, 2006.  (Rec. Doc. No. 17.)  We have yet to receive Gonzalez's amended complaint.

In an abundance of caution, as plaintiff is proceeding pro se, we will grant a further extension of time to Gonzalez.  Plaintiff will be directed to amend his

complaint on or before January 31, 2006. We wish to make clear that should Gonzalez fail to amend his complaint by this deadline, his complaint will be dismissed without prejudice for failure to prosecute, and for failure to comply with a court order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff is directed to file his amended complaint on or before January 31, 2006, in accordance with this Court's order dated October 26, 2005.

2. Should plaintiff fail to file an amended complaint by the close of business on January 31, 2006, his complaint will be dismissed without prejudice for failure to prosecute, and for failure to comply with a court order.

    s/ James F. McClure, Jr.  
James F. McClure, Jr.  
United States District Judge